IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3236-BO

| | |
|---|---|
| LARRY R. TART,<br>  Plaintiff,<br><br>    v.<br><br>JOYCE KORNEGAY, et al., et al.,<br>  Defendants. | )<br>)<br>)<br>)  O R D E R<br>)<br>)<br>) |

  Plaintiff, a state inmate, seeks leave to file a civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). In reviewing a case, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

  "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

  The court finds the case survive the § 1915 review with the exception of defendant Correctional Enterprise (Janitorial Products Plant) who is dismissed as an improperly named

party. Actions filed pursuant to § 1983 must be directed at persons. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Preval v. Reno, No.2000 WL 20591, 203 F.3d 821, * *1 (4th Cir.2000); see also Moore v. City of Asheville, 290 F. Supp.2d 664, 673 (W.D.N.C.2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). Likewise, "it has long been recognized that arms of the State are not 'persons' for purposes of § 1983." Hewitt v. South Carolina Dep't of Corrections, 2011 WL 505200 (D.S.C. Jan. 24, 2011) (citing Will, 491 U.S. at 70-71); see also Ngiraingas v. Sanchez, 495 U.S. 182 (1990); and Smith v. N.C.D.O.C., 2007 WL 1200097 (W.D.N.C. 2007). Therefore, Correctional Enterprise (Janitorial Products Plant) is DISMISSED as a party.

Next, the motion for appointment of counsel is denied [D.E. 7]. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The case does not appear to present exceptional circumstances, and the motion is denied at this time.

Lastly, the court received a letter entitled "Requesting Change in Payment" which the clerk docketed as a pending motion [D.E. 6]. In the letter, plaintiff seeks to change the payment plan for the filing fee [Id.]. The Prison Litigation Reform Act altered § 1915 to provide that a prisoner who brings a civil action, or files an appeal, in forma pauperis ("IFP") is responsible for the entire amount of the normal civil action filing fee. See 28 U.S.C. § 1915(b)(1); see also

United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). A prisoner proceeding IFP is not required to pay the entire amount to file the action. See 28 U.S.C. § 1915(b)(1). Rather, an initial partial filing fee is assessed by calculating the greater of twenty (20) percent of: (a) the average monthly deposits to a prisoner's trust account; or (b) the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint or the notice of appeal. Id. After the initial payment is made, a prisoner is required to make monthly payments of twenty (20) percent of the preceding month's income credited to his trust account each time the amount in the account exceeds ten dollars ($10.00).

On November 21, 2011, the court entered an order outlining these requirements [D.E. 4]. The court may not vacate the order which outlines and complies with the statutory requirements of § 1915. However, to date the court has collected $ 80.00 of the $ 350.00, from the Department of Correction, now named Department of Public Safety - Division of Adult Correction. This leaves an outstanding balance of $ 270.00. Tart is notified that there is nothing which would preclude Tart's family from paying any part of the remainder of his filing fee obligation directly to the court without going through the Department of Correction, now named Department of Public Safety - Division of Adult Correction. To do so, payments must be made payable to "Clerk, U.S. District Court" and transmitted to:

> U.S. District Court
> Attn: CRT Section
> P.O. Box 25670
> Raleigh, N.C. 27611

The correspondence to the court **MUST** include the case name and number, Tart v. Kornegay, et al., No. 5:11-CT-3236-BO. Payment in full of the filing fee would result in the release of the obligation against his trust fund, and the Clerk would so notify the Department of Public Safety.

3

Case 5:11-ct-03236-BO   Document 10   Filed 05/18/12   Page 3 of 4

Accordingly, the Clerk is DIRECTED to maintain management of the suit, with the exception of defendant Correctional Enterprise (Janitorial Products Plant) who is DISMISSED. The motion for appointment of counsel is DENIED [D.E. 7]. The request to alter the payment plan is likewise DENIED in that it seeks to vacate the order of November 21, 2011 [D.E. 4] which details the requirements of a prisoner's filing fee obligations under 28 U.S.C. § 1915.

SO ORDERED, this 18 day of May 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4