IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3236-BO

| | |
|---|---|
| LARRY R. TART, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JOYCE KORNEGAY, et al., et al., )<br>    Defendants. ) | O R D E R |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims of Eighth Amendment violations arising from his employment in January 2011 with the Janitorial Products Plant while housed at Warren Correctional Institution wherein he alleges exposure to toxic chemicals and unsafe work practices. From this, he asserts he now suffers serious medical conditions involving his brain, lungs, stomach, and heart.

On May 18, 2012, the matter survived a frivolity review pursuant to 28 U.S.C. § 1915 with the exception of the dismissal of one defendant, Correctional Enterprises (Janitorial Products Plant) [D.E. 10]. Thus, Warden Joyce Kornegay, Manager of Janitorial Products Plant Forrest Festerman, and Director of Prison Grievance Remedy Board Finesse Couch are named as defendants in the action. Thereafter, plaintiff filed a motion to amend the complaint to add the Director of Correction Enterprises Karen A. Brown [D.E. 12]. Plaintiff has also filed a motion for entry of default [D.E. 28], a motion for summary judgment [D.E. 42], and motion for temporary restraining order [D.E. 45], a motion for reconsideration [D.E. 48], and a motion informing the court of possible retaliations and delaying the plaintiff access to the court [D.E. 49]. Defendants have filed a motion for summary judgment for failure to exhaust administrative

remedies [D.E. 31]. Plaintiff responded to defendants' motion for summary judgment [D.E. 41]. All matters are ripe for determination.

A.  Motion to Amend or Motion for Reconsideration [D.E. 12]

On June 5, 2012, the Clerk's Office received a paper filing from plaintiff which seeks to add Ms. Karen Brown as a named defendant. The motion is ALLOWED. However, given plaintiff's failure to exhaust which is set out below, service is not required on this defendant as the matter shall be dismissed without prejudice in its entirety.

B.  Motion for Summary Judgment

   i.  Standard of Review

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

2

ii. Analysis

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Public Safety ("DPS") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235–1–MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DPS's administrative remedy procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC–410. DPS ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the secretary of correction through the inmate grievance examiner. Id. § .0310(c)(1). The

3

decision by the inmate grievance examiner or a modification by the Secretary of Correction shall constitute the final step of the administrative remedy procedure. Id. § .0310(c)(6).

While plaintiff claims he exhausted his administrative remedies by submitting a confidential grievance "which has been totally ignored by everyone . . . ." [D.E. 1 at 2]. Plaintiff admits "[t]here was a response that my grievance was sent back to this unit (4290) when it should not have been, because of internal corruption (Nepotism)." Id. In his response to the motion for failure to exhaust, he states that he completed a Step II grievance on November 21, 2011, and also a Step III but the date is not included [D.E. 41 at 4-5].

Inmate Grievance Resolution Board ("IGRB") records reflect plaintiff filed eleven (11) Step 3 Grievance Appeals between January 1, 2010, and June 11, 2012 in accordance with § .0310 of the ARP [D.E. 32, Ex. A, Couch Aff. ¶ 8, Ex. A1, § .0310, Ex. A2.] These grievances raised issues regarding legal mail, mail, harassment regarding the mail, a request for a "Level 3 job" and dispute over custody status with Janitorial Products Plant, "illegal conduct" by medical staff regarding his diabetic treatment, as well as another grievance about medical treatment and his diabetes, a dispute over a co-pay for a followup medical appointment, and a 2010 grievance alleging Nurse Beckett "has become very 'sour' concerning medical issues about cardiology issues I am having, " and another 2010 heart related grievance about denial of an appointment for a heart condition. Id. (photocopies of grievances filed). Clearly these grievances do not exhaust the claims of exposure to the toxins or workplace safety in January of 2011 or claims for medical care deficiencies due to the exposure of toxins therefrom. See Moore v. Bennett, 517 F.3d 717, 729 (4th Cir. 2008) (requiring the inmate's grievance to allege the discrete conduct forming the basis of the underlying civil action.)

4

Furthermore, any confidential grievances or letters identified as confidential grievances filed by plaintiff did not satisfy the requirements of the exhaustion process. Confidential grievances are governed by § .0309 of the ARP and must be filed directly with the Director of Prisons. "The inmate must clearly explain the nature of the complaint and the reasons for not following the regular grievance procedure." [Id., Ex A1, ARP, § .0309]. The governing section continues that "[i]f the Director determines that the grievance is not of a confidential nature, the grievance shall be returned to the inmate with instructions to submit it in accordance with the procedure set forth in Rule .0310." Id.

In the matter at hand, each time plaintiff attempted to make this type of filing, letters were reviewed and thereafter plaintiff was directed to raise the addresses though proper procedure under Rule .0310. [Id., Ex. A, Couch Aff. ¶ 8 and ¶ 9; Ex A3, A4; and Ex B, Carter Aff. ¶ 6, 7, 8, 9, and 10, Ex. B1-B4]. Plaintiff did not do so. Id. The court notes that in a September 4, 2011, cover letter [Id., Ex B] from plaintiff, he suggests an exposure to chemicals at the JPP along with many other issues. On October 6, 2011, the WCI Administrator Kornegay wrote plaintiff and methodically addressed certain issues previously raised through proper grievance channels such as the podiatrist issue. Administrator Kornegay also specifically stated that "[a]ll other complaints sent to Mr. Keller should be address through proper procedures, the Unit Manager in your housing area." Id. at Ex. B4. Plaintiff failed to do so and may not circumvent the process upon his choosing. See Harris v. Totten, 244 F. Supp. 2d 229 (S.E.N.Y. 2003) (dismissing § 1983 complaint for failure to exhaust because inmate letters to prison officials did not comport with orderly grievance procedures).

The court further notes that it appears one grievance regarding inadequate medical care for stomach and headache pain was received on December 5, 2011. The court would construe this grievance as an attempt to exhaust the issues before this court. However, the exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). This complaint was filed on November 18, 2011, and thus the matter was not exhausted by then and any claim of subsequent exhaustion fails as a matter of law.

C.  Conclusion

Accordingly, the motion docketed as a motion to reconsider is more properly construed as a motion to amend to name Ms. Karen Brown as a defendant and is ALLOWED [D.E. 12]. However, defendants' motion for summary judgment for failure to exhaust his claims is ALLOWED [D.E. 31] and the matter is DISMISSED in its entirety WITHOUT PREJUDICE. Having so determined, all other pending motions are DENIED as MOOT [D.E. 28, 33, 42, 45, 48, and 49]. The Clerk is DIRECTED to CLOSE the case.

6

Case 5:11-ct-03236-BO   Document 53   Filed 01/04/13   Page 6 of 7

SO ORDERED, this 4 day of January 2013.

```
                    Terrence Boyle
            TERRENCE W. BOYLE
            UNITED STATES DISTRICT JUDGE
```